## SCHAFER COMPANY ET AL. *v.* HOFFMAN.

[No. 12,581. Filed March 29, 1927. Rehearing denied June 30, 1927. Transfer denied October 15, 1931.]

202

C. J. Lutz, Moran & Gillespie and O. S. Boling, for appellants.

R. C. Parrish, for appellee.

McMahan, C. J.—Appellee was employed by appellants as a traveling salesman during 1920. The contract of employment was in writing, signed by the Schafer Saddlery Company and appellee, and dated January 2, 1920. It provided that appellee was to receive $70 per week during the year for the first $45,000 of business, less goods returned, and a 5 per cent commission on all sales during the year, less goods returned, above $45,000. Appellee continued in the employment of appellants until April 1, 1921, when he took employment elsewhere, and later brought this action alleging that, during 1920, he sold goods and merchandise to the value of $73,900, which it is alleged entitled him to a commission of 5 per cent on $28,900. There was a trial by jury; verdict and judgment for appellee for $1,413.56; hence this appeal.

Appellants contend: (1) That the verdict is not sustained by sufficient evidence, and (2) that the court erred in giving instruction No. 6, requested by appellee.

The saddlery company suffered a loss of its entire stock of goods the latter part of April, 1920, and a short time thereafter was reorganized under the name of "The

Schafer Company," and continued the business under the latter name. After such reorganization, appellee continued with his employment, and was paid his weekly salary of $70, and given credit on the books of the company as reorganized for all goods sold by him. Appellants concede there was no change in the terms of the contract of January 2 prior to September 1, 1920. They do claim, however, that, in August of that year, an oral agreement was entered into to the effect that, after September 1, merchandise thereafter sold by a salesman, to be shipped in 1921, would be credited to 1921 business and not to 1920. This contract, if entered into, was materially different from the contract of January 2. Under the written contract, appellee would have been entitled to a commission on net sales in excess of $45,000, made by him during 1920, though the sales were made for 1921 delivery. Under the oral agreement, if made, appellee would not have been entitled to receive any compensation in 1920 for merchandise sold after September 1 for 1921 delivery. That is, if the net sales of appellee for merchandise delivered in 1920 had been $45,000, and, in addition thereto, he had taken orders for merchandise for delivery in 1921, and which were delivered in 1921, to the amount of $25,000, appellee, under the alleged oral agreement, would not have been entitled to a commission and to have it applied on his salary for 1920. If the contract of January 2 remained in force during 1920, appellee would have been entitled to 5 per cent commission on the $25,000 worth of merchandise, and to have the same paid to him as salary for 1920. He would not, of course, have been entitled to this commission until the merchandise had been delivered in 1921, but, when the same was actually delivered, he would have been entitled to have had the commission paid to him as a part of his salary for 1920. Appellee denies having entered into the oral agreement,

and insists that he continued to work under the written contract until January 1, 1921. The jury found in favor of appellee on this question, and there is sufficient evidence to sustain that finding.

Assuming, therefore, that the contract of January 2 remained in force the whole of 1920, the first question for our determination is whether the verdict, on that assumption, is sustained by sufficient evidence. Appellee testified that his sales during 1920 amounted to $75,000, and that he never received any pay except the weekly drawing account of $70; he had access to his sales record any time he wanted to see it; last time he saw it was Saturday before New Year's, 1921; was given credit on the books for goods when shipped from the factory; took orders in 1920 for goods to be shipped as late as June, 1921; Terveer, bookkeeper for appellants, told him he (appellee) had sold goods amounting to about $50,000; that he, appellee, showed Terveer the ledger which showed $49,000 and something, without the month of December; that December sales amounted to about $3,000; on December 31, there had been goods shipped that he sold in 1920, to amount of $52,000; that, at that time, he had sold goods that had not been shipped as follows: Binder twine $45,000; harness and collars $3,000; rope $5,000; screen wire $2,000; lawn mowers $2,000; steel goods $1,000; screen doors and screen windows $2,000; these were to be delivered after January 1, 1921; in November, 1920, entered into a new contract for 1921; quit working for appellants April 1, 1921. On cross-examination, he testified that he did not keep a complete account of his sales; kept an account of total sales; did not know the amount of 1920 sales returned; appellants gave him statements of the amount of goods returned each month beginning with September; the amount sold in 1920 and returned in September, November, and De-

cember amounted to $1,098.39; did not have statement for October. Goods returned in January and February, 1921, amounted to $8,469.99, but did not know whether, goods returned in 1921 were sold in 1920 or in 1921, and did not have statement of amount returned after March 1, 1921.

Ethel Bumgartner, a witness for appellants, testified that, as invoice clerk and bookkeeper, she had charge of the salesmen's accounts; had a salesmen's book in which she kept a record of all salesmen's accounts until they started a new system in September, 1920. At the beginning of 1920, as soon as an order came in, the salesman was credited with the amount of the order, and, if any goods were returned or cancellations were made, the amount was charged back to the salesman. After identifying a book in which was kept the record of the sales made by appellee in 1920 and 1921, she testified that the gross amount of sales made by appellee in 1920 was $67,565.06; that during 1920 the amount of canceled orders and goods returned was $15,257.19; the total amount of goods returned in 1921, which appellee had sold in 1920, was $8,453.63, leaving his sales for 1920 $43,854.24. On cross-examination, she said that, in addition to the salesmen's record, the firm kept a separate order book in which the name of the customer and amount of the order was kept; that was a record of all orders; under the system started September 1, salesmen got credit only for orders shipped; in January, 1920, the cancellations or returns for the month were $380.95; could not tell whether these returns were of goods sold in 1919 or not. After giving the cancellations and returns for each month in 1920, she said that prior to September 1, the book she had showed the gross amount of orders taken by appellee; after that, the order sheets would show; all appellee got credit for was the $67,565.07; could not tell how much more than that

he sold for future delivery; could not tell whether it would total $85,000 or not; suppose the books would show; Terveer had the record of future orders; she had access to this order book but never ascertained the amount; did not know how much he sold in 1920 for which he did not get credit; he did not get credit for $45,000 twine, $5,000 rope, $2,000 screen wire; did not know how much was shipped after December 30, 1920, on appellee's orders taken in 1920; no record in "these books" of the carload of binder twine; the amount of sales, as given for 1920, did not include goods shipped in 1921; the orders which appellee took in 1920 came into the record in 1921, when the goods were shipped; he was given credit for such orders when the goods were shipped in 1921, and not in 1920; did not know the amount of merchandise on the books and sold in 1920, but not delivered; these future orders were in the order book; did not have that book with her; they are not shown in the record from which she testified because they were not shipped; that amount is in addition to the $67,565.06; in order to determine the gross amount of appellee's sales for 1920, that amount would have to be added to $67,565.06.

G. H. Wehmeyer, sales manager of appellants, testified that the "sales record" was in the company's office, and, when asked why he did not bring it to Portland where the case was being tried, said he had not been asked to bring it; that he was asked to bring the "sales account." He also said there were four weeks in the last three months of 1920, when appellee did not travel, but he could not fix the date without the record which he did not have with him; would bring the record with him the next day.

Bernard T. Terveer, bookkeeper for appellants, among other things, testified that he could not tell the amount of goods sold by appellee in 1920, for shipment in 1921.

If an order for binder twine came in in September, 1920, for 1921 delivery, the order was put on a file, and marked 1921 shipment; could not tell from the record of 1921 shipments what goods were sold in 1920, and designated as 1921 shipments; orders taken by appellee in 1920, to be shipped in 1921, appear as 1921 business; cannot tell the part of the 1921 shipments that were orders taken in 1920.

It thus clearly appears from the uncontradicted evidence that appellee, in 1920, took orders for a large amount of merchandise to be shipped, and which was shipped, in 1921, and on which he was entitled to a commission of 5 per cent if he was working under the written contract during the whole of that year. These orders were placed on file and were in the possession of appellants. The orders could have been produced at the trial, and, if they had been, it would seem that it could have been shown to a certainty the total amount of such orders. Appellants were also in possession of the records showing whether any of these orders had been canceled, or whether the goods, if shipped, had been returned.

Instruction No. 6, of which complaint is made, correctly instructed the jury as to the inference that might be drawn by reason of a failure to produce certain records in appellants' possession. Its giving was not error.

Appellee testified that in 1920 he took orders for merchandise for shipment in 1921, in excess of $50,000. This testimony is not contradicted. Appellants' contention is that appellee, when he sold these goods, was working under an oral agreement which did not entitle him to the 5 per cent commission. The jury, however, by its verdict found against this contention of appellants, and found that appellee was entitled to a commission on the orders taken by him in

1920, where the goods were shipped in 1921, and the evidence is amply sufficient to sustain this finding.

Judgment affirmed.

Dausman, J., absent.